LEONARD R. DEMOOR, APPELLEE, V. KAREN E. DEMOOR, APPELLANT, AND NORWEST BANK, N.A., FORMERLY KNOWN AS FIRST NATIONAL BANK, ET AL., APPELLEES.

523 N.W.2d 361

Filed November 4, 1994.   No. S-93-109.

Brenda L. McCrady for appellant.

Stephen A. Scherr, of Whelan & Scherr, P.C., for appellee Leonard DeMoor.

HASTINGS, C.J., WHITE, CAPORALE, FAHRNBRUCH, LANPHIER, and WRIGHT, JJ., and BOSLAUGH, J., Retired.

BOSLAUGH, J., Retired.

Karen E. DeMoor (the defendant) appeals from the judgment of the district court foreclosing a third real estate mortgage given by the defendant to the plaintiff, Leonard R. DeMoor, the defendant's former husband. The foreclosure was allowed because the defendant was in default under the terms of the promissory note and third mortgage she gave the plaintiff.

The marriage of the parties was dissolved in 1977. In a

property settlement agreement entered into between the parties, the defendant was granted the residence of the parties located at 402 E. 7th Street, in Hastings, Nebraska, subject to first and second mortgages in favor of Norwest Bank Nebraska, and a third mortgage in the sum of $15,260 in favor of the plaintiff. The $15,260 represented the plaintiff's share in the equity of the real estate, which was $3,060, as well as his assumption of the payments of the second mortgage on the real estate in the amount of $12,200. The settlement agreement provided that the mortgage given to the plaintiff would be due and payable when the property was sold, when defendant remarried, or when the parties' youngest child attained the age of majority on August 2, 1988, whichever occurred first.

After the decree of dissolution was entered on June 29, 1977, the defendant executed a promissory note and a third real estate mortgage providing that the defendant would pay to the plaintiff $15,260 with interest at 5 percent per annum from July 1. The settlement agreement and decree of dissolution had no provision concerning interest on the defendant's mortgage to the plaintiff, and the plaintiff's adding a provision regarding interest due on the note and mortgage signed by the defendant was a modification of the terms of the property settlement agreement incorporated in the decree of dissolution. The defendant testified that when she asked the plaintiff about the interest provision in the promissory note and mortgage, the plaintiff told her that the documents provided for interest for legal purposes and that he would not require the defendant to pay the interest.

In order to make some improvements on the house, the defendant gave another mortgage against the same real estate to the City of Hastings, Hastings Department of Community Development, on September 15, 1983. That mortgage and its underlying note were subject to a clause forgiving the indebtedness if the plaintiff did not transfer title in the house for 10 years.

When the parties' youngest child attained legal age on August 2, 1988, the plaintiff demanded payment of his mortgage. The plaintiff filed his petition for foreclosure on September 26.

Following a trial, the district court found the defendant in default under the terms of the promissory note and third real estate mortgage. The district court found that the defendant owed the plaintiff the principal amount of $15,260 together with interest at 5 percent per annum from July 1, 1977, through February 24, 1992, in the amount of $11,177.95, and owed the plaintiff the costs of the action in the amount of $162.95, for a total indebtedness of $26,600.90. The district court further found that Norwest Bank held a first and second lien against the real estate and that the City of Hastings was entitled to a fourth lien against the real estate. The district court ordered the real estate to be sold by the sheriff of Adams County if the amounts of the liens and the costs of the action together with interest were not paid within 20 days from the date of the decree.

In her brief, the defendant assigned as error the district court's entering a decree of foreclosure and granting the plaintiff interest on the promissory note and mortgage dated July 1, 1977. At oral argument, the parties agreed the defendant's first assignment of error is moot; therefore, this opinion concerns only the defendant's remaining assignment of error.

A proceeding to foreclose a real estate mortgage is an equitable action. *Production Credit Assn. of the Midlands v. Schmer*, 233 Neb. 749, 448 N.W.2d 123 (1989); *First Fed. Sav. & Loan Assn. v. Thomas*, 230 Neb. 465, 432 N.W.2d 222 (1988). When an equity case is appealed from the district court, the appellate court tries factual issues de novo on the record and reaches a conclusion independent of the findings of the trial court. When the evidence conflicts, however, the appellate court may give weight to the fact that the trial court observed the witnesses and accepted one version of the facts over another. *Regency Homes Assn. v. Egermayer, ante* p. 286, 498 N.W.2d 783 (1993); *Eliker v. Chief Indus., ante* p. 275, 498 N.W.2d 564 (1993).

*McCook Nat. Bank v. Myers*, 243 Neb. 853, 858, 503 N.W.2d 200, 204 (1993).

The defendant contends that the district court erred in awarding the plaintiff interest in the amount of 5 percent per

annum from July 1, 1977. We agree.

The evidence shows that the defendant was obligated to pay the plaintiff $15,260 upon her remarriage, the sale of the house, or the parties' youngest child attaining the age of majority on August 2, 1988, whichever occurred first. The $15,260 represented the plaintiff's share of the equity in the house, $3,060, and the amount of the second mortgage on the house, $12,200, which the plaintiff was obligated to pay under the terms of the parties' property settlement agreement and dissolution decree.

Neither the property settlement agreement nor the dissolution decree provided for interest on the $15,260 owed by the defendant. Furthermore, the plaintiff offered no testimony to contradict the defendant's assertion that the plaintiff promised he would not require the defendant to pay interest.

Since, under the terms of the parties' property settlement agreement and the dissolution decree, the defendant was obligated to pay $15,260 only upon her remarriage, the sale of the house, or the parties' youngest child attaining the age of majority, the district court erred in granting the plaintiff interest from July 1, 1977.

At the time of this foreclosure proceeding, the defendant was not in default on the first mortgage on the home, and the plaintiff was current in his payments on the second mortgage. Part of the $15,260 owed by the defendant represents the plaintiff's obligation on the second mortgage. There is nothing in the record that shows the balance owed by the plaintiff on the second mortgage.

If the house is sold at a sheriff's sale, the proceeds should be applied to pay the balance owed on the first and second mortgages before anything is applied to the third mortgage, and the defendant should be given credit for the amount paid on the second mortgage from the proceeds from the sheriff's sale.

The district court's judgment of foreclosure should be modified to eliminate the provision for interest upon the principal of the amount due the plaintiff from the defendant, and all provisions in the decree of foreclosure concerning the

lien of the City of Hastings should be deleted because that issue is moot.

The judgment is affirmed as modified.

AFFIRMED AS MODIFIED.